# United States Court of Appeals

## For the First Circuit

No. 09-1455

UNITED STATES OF AMERICA,

Appellee,

v.

CANDIDO SALVA-MORALES,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Carmen Consuelo Cerezo, U.S. District Judge]

Before

Lynch, Chief Judge,
Boudin and Howard, Circuit Judges.

Luis A. Guzmán Dupont, by appointment of the court, for appellant.
Jenifer Y. Hernandez-Vega, Assistant United States Attorney, with whom Rosa Emilia Rodriguez-Velez, United States Attorney, Nelson Pérez-Sosa, Assistant United States Attorney, Chief, Appellate Division, and Thomas F. Klumper, Assistant United States Attorney, were on brief for appellee.

October 31, 2011

**Per Curiam**.  In 2005, federal agents identified an internet protocol address in Puerto Rico that possessed, and indicated it would share, videos containing child pornography. Using this information, an agent determined that Candido Salva-Morales ("Salva") owned the internet subscription, and that the listed physical address was a computer shop that he owned and operated in San Juan.

In a warrant-authorized search of the shop in March 2006, forensic examiners retrieved two hard drives from Salva's personal computer, which held respectively 74 and 102 files containing child pornography.  Salva was indicted in March 2007, and tried and convicted in September 2008 by a jury of knowing possession of child pornography, 18 U.S.C. § 2252(a)(4)(B) (2006).  He was sentenced to 84 months in prison and now appeals.

On appeal, Salva's first claim is that the evidence did not support a jury finding on two separate elements required for conviction and therefore his motion for judgment of acquittal should have been granted.  Review of such a claim is de novo but "we examine the evidence, both direct and circumstantial, in the light most favorable to the prosecution and decide whether that evidence, including all plausible inferences drawn therefrom, would allow a rational factfinder to conclude beyond a reasonable doubt that the defendant committed the charged count or crime."  United States v. Cruz-Díaz, 550 F.3d 169, 172 n.3 (1st Cir. 2008).

A separate jurisdictional element aside, the statute requires for conviction that the defendant "knowingly possess[]" one or more of listed items (e.g., films, video tapes) or "other matter" containing "any visual depiction" where "a minor engaging in sexually explicit conduct" was involved in producing the depiction. 18 U.S.C. § 2252(a)(4)(B). Salva's first objection is that, although his computer hard drives contained child pornography and he possessed the computer, he was not shown beyond a reasonable doubt to have knowingly possessed the pornographic files.

Although Salva himself did not testify to either his actions or his knowledge, he offered multiple witnesses who affirmed that Salva's own computer was available to and commonly used by visitors to his shop. In addition, his forensic examiner testified that data on one hard drive indicated that twenty-two different users had saved files to it and that it was impossible to tell conclusively from the forensic data on the drives who had saved the pornographic files.

The government, however, showed that pornographic files were recovered only from two of the hard drives associated with Salva's personal computer and not from other computers in the shop (which were also searched). Further, the names of many of the files, going back to some of the earliest (stored in October 2005), clearly indicated that they contained child pornography. And Salva was always in the shop when others were present.

Further, the government presented evidence directly connecting Salva to several of the downloaded films. One of the government's forensic examiners testified that several of the pornographic video files recovered from Salva's hard drive were created and placed in a "Porno" folder minutes before an image named "Manuely Evy"--a picture depicting Salva with a female--was created and saved to another folder ("My Pictures" within the "Candido M. Salva" user directory) on that hard drive.

There is also evidence that pornographic files were being accessed while Salva was alone in the shop--although not the evidence to which the government has directed us.[1] Rather, files downloaded from the internet were accessed between 2 am and 3 am and between 9 am and 10 am on the day of the search of Salva's shop; as the owner of the shop who locked up the shop at night before leaving and presumably opened it as well in the morning, it is a reasonable inference that Salva was the one accessing the files at these times.

Salva correctly points out that in many, perhaps most, cases of this kind, the government presents stronger evidence of knowing possession (e.g., limited access to the computer, other

---

[1]The government also points to evidence which it says shows that Salva was alone in his shop when the agents entered and that some of the computer files had been accessed "right before" the agents entered. But our own review of the record suggests that while files had been accessed within that time frame, it is not clear that they were pornographic films, although some such files had been accessed some hours earlier.

forensic evidence connecting the defendant to internet searches for child pornography). But the question for us is whether a reasonable jury on this record could rationally conclude beyond a reasonable doubt that Salva knew that his own computer contained such files--he need not have downloaded them himself--and we think that a reasonable jury could so find.

The more difficult question concerns the jurisdictional element of the statute. The matter containing the visual depiction described above has either to have been (1) "mailed, or . . . shipped or transported in interstate or foreign commerce," or (2) "produced using materials which have been mailed or so shipped or transported, by any means including by computer . . . ." 18 U.S.C. § 2252(a)(4)(B). Here, Salva suggests that there were two flaws in the government's proof.

First, Salva argues that there is a lack of proof that the depictions were transported in interstate commerce. But there was proof--not irrefutable but adequate--that pornography files in the computer had been downloaded through the internet. That is a common, comparatively quick and simple method of gaining access to a great deal of material--as compared, say, to loading material by hand into the computer through DVD discs or by flash drive.

In any case, the government's forensic experts testified that peer-to-peer file sharing programs, Kazaa and Shareaza, were installed on the hard drives--both on one and Shareaza alone on the

other, and that some of the pornographic files found were located in folders whose path names indicated they were likely downloaded through these services.  Salva's own expert conceded that some of these files appeared to be downloaded based on a comparison of the "file created" and "written" date for each file.

Salva's brief does not directly dispute that the internet was used, or at least that the jury could so find, but argues that the statute does not say that--apart from the reference to "mail"--mere use of a facility of interstate commerce is sufficient.  This court has already held that transmission over the internet is sufficient to meet almost identically worded jurisdictional elements in other closely related statutory provisions.[2]

Salva argues that there is no proof that he knew that the images had been transmitted from other states or foreign locations (and might make the same argument as to whether the internet was used).  We have already held--as is not uncommon with a jurisdictional nexus--that the defendant need not know of the nexus so long as it exists.  United States v. Robinson, 137 F.3d 652, 655 (1st Cir. 1998).

Finally, whether or not required, it also appears that Salva was specifically aware of some of the downloaded files and not merely that the drives connected to his computer contained

---

[2]See United States v. Pires, 642 F.3d 1, 9 (1st Cir. 2011) (18 U.S.C. § 2252(a)(2)); United States v. Hilton, 257 F.3d 50, 54 (1st Cir. 2001) (18 U.S.C. § 2252A(a)(5)(B)).

child pornography.  As already noted, such downloaded files were accessed on one occasion between 2 am and 3 am and 9 am and 10 am in the same morning; and, a pornographic file from the "Porno" folder and one from a Shareaza downloads folder were on another day accessed within an hour of each other.

The government also points to an alternative basis for jurisdiction resting on undisputed proof that Salva's hard drives were both manufactured in Singapore.  The statute might arguably be stretched to include the copying to a hard drive (and thereby the creation of a new file) of pornographic material.[3]  However, the statutory language is convoluted; the issue is significant; and the question has been briefed only by one side (the government) so we prefer to reserve it for a case where it is decisive.

Two remaining claims relate to evidentiary rulings that Salva claimed to warrant a new trial.  The first claim is that the district judge declined to allow into evidence a document comprising the curriculum vitae of his expert computer witness. The district judge said that the information was best elicited by direct examination; Salva' lawyer did elicit it; and the witness was qualified as an expert in front of the jury.  There was no

---

[3]At least some circuits may accept that as sufficient.  Cf. United States v. Angle, 234 F.3d 326, 340-41 (7th Cir. 2000) (computer diskettes); United States v. Lacy, 119 F.3d 742, 750 (9th Cir. 1997) (downloading of files).  But cf. United States v. Wilson, 182 F.3d 737, 742-43 (10th Cir. 1999)(reserving the issue).

abuse of discretion and certainly no prejudice in the refusal to allow the document itself in evidence.

The second objection also fails. After the expert had testified that she could not tell who had downloaded the pornography, defense counsel asked whether anyone could tell for sure and the judge sustained an objection. But the judge then did allow more or less the same question based on a rephrasing; and the expert was permitted to respond: "There is no evidence to say 100 percent who downloaded those files, no." Again, there was no possible prejudice.

<u>Affirmed</u>.